UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WILLIAM LITTLE, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | JURY DEMANDED |
| RUTLAND FIRE CLAY CO., ) | |
| ) | |
| Defendant ) | |

## COMPLAINT

NOW COMES plaintiff William Little, by and through undersigned counsel, and hereby demands trial by jury on all of his claims and causes so triable.

## The Parties

1.  At all times material to this action, Plaintiff has been a resident of Pittsboro, North Carolina.

2.  On information and belief, Defendant is a Vermont corporation with a principal place of business in Rutland, Vermont, that transacts business throughout the United States including within the State of Maine.

-1-

## Jurisdiction and Venue; Jury

3.  Jurisdiction in the United States District Court is proper pursuant to the Robinson-Patman Antidiscrimination Act of 1936, 15 U.S.C. § 15.

4.  Venue lies in the United States District Court for the District of Maine sitting at Portland pursuant to 15 U.S.C. § 22 and Local Rule 3(b).

5.  Trial by jury is demanded.

## Background Facts

6.  Plaintiff was hired by Defendant as a National Account Manager in December of 2007.

7.  Defendant promoted Plaintiff to Vice President of Sales in 2010 and increased his base salary from $125,000 per year to $150,000 per year.

8.  As Vice President of Sales for Defendant, Plaintiff was responsible for approximately 60% of Defendant's business.

9.  Plaintiff was responsible for overseeing Defendant's sales to customers including Home Depot, Ace Hardware, Wal-Mart, Tractor Supply, Menards, and others.

10. In 2010, Plaintiff engaged in discussions with Lowe's to attempt to sell Lowe's wire chimney brushes manufactured by Defendant.

11. After months of sales efforts by Plaintiff, Plaintiff was scheduled to have a line review with Lowe's on January 12, 2011.

12. Prior to attending the line review, Defendant's president, Amy Bruso, provided Plaintiff with proposed pricing for two wire chimney brushes that Defendant proposed to sell to Lowe's (the "Lowe's pricing").

13. The Lowe's pricing was significantly higher than the prices at which Defendant was currently selling the same products to Home Depot and Menards.

14. In a January 11, 2011 email, Plaintiff raised concerns that the Lowe's pricing proposed by Amy Bruso would violate the Robinson-Patman Act and/or other anti-competition laws. Exhibit A attached hereto is a true and accurate copy of Plaintiff's January 11, 2011 email to Ms. Bruso.

15. On January 11, 2011, Amy Bruso emailed back to Plaintiff that she was firm on the Lowe's pricing. Exhibit B attached hereto is a true and accurate copy of Ms. Bruso's January 11, 2011 email to Plaintiff.

16. Despite Plaintiff's concerns, Defendant refused to alter the Lowe's pricing.

17. Subsequent to Plaintiff's discussions with Amy Bruso concerning the Lowe's pricing, Plaintiff cancelled the line review with Lowe's that had been scheduled for January 12, 2011.

18. Although Plaintiff had cancelled the line review with Lowe's, Amy Bruso ordered him to proceed with the line review.

19. Plaintiff refused to proceed with the line review with Lowe's.

20. Amy Bruso telephoned Plaintiff on January 24, 2011, with Defendant's corporate attorney on the line, and terminated Plaintiff's employment with Defendant.

21. When Plaintiff asked why he had been terminated, Amy Bruso stated words to the effect that Plaintiff was terminated and "that is all we are going to say."

### COUNT I
### 15 U.S.C. § 15

22. Plaintiff repeats the allegations in Paragraphs 1 through 25 as if fully set forth herein.

23. The Lowe's pricing proposed by Defendant was discriminatory and would violate 15 U.S.C. § 13(a).

24. Plaintiff refused to engage in a violation of 15 U.S.C. § 13(a).

25. Plaintiff was terminated as a direct result of his refusal to participate in a violation of 15 U.S.C. § 13(a).

WHEREFORE, plaintiff William Little demands judgment against defendant Rutland Fire Clay Co. in an amount equal to three times the damages he has sustained as a result of Defendant's conduct as well as the costs this suit, his attorney's fees, and all other relief to which he is entitled pursuant to 15 U.S.C. § 15(a).

Dated at Portland, Maine, this 15th day of December, 2011.

/s/ Michael K. Martin, Esq.
Attorney for Plaintiff

PETRUCCELLI, MARTIN & HADDOW, LLP
50 Monument Square
P. O. Box 17555
Portland, Maine  04112-8555
(207)  775-0200

By:	Michael K. Martin, Esq.
	Bradford A. Pattershall, Esq.